WILLIAMS, Judge.
Ralph McDermott was found guilty of purse snatching in violation of LSA-R.S. 14:65.1. He was subsequently adjudicated a second felony offender as a result of a previous purse snatching and was sentenced to serve fifteen years in the Department of Corrections, with credit for time served. Defendant appeals, claiming insufficiency of the evidence and exeessiveness of sentence.
On February 28, 1987 Dan Spiker was walking with friends on Bourbon Street in the French Quarter after the Mar-di Gras Endymion Parade. Spiker and his friends were pushed towards the sidewalk by an unruly group walking down the street. Spiker was bumped from behind when he felt his wallet being lifted from his back pocket. Spiker looked up and saw four black males running down the street. The defendant was the only person of the four who was looking back at Spiker. Spiker began chasing the defendant, who was clearing a path along the crowded street as he ran from the victim, thereby facilitating the chase. The victim yelled out that the defendant had taken his wallet and told him to stop.
The testimony at this point is somewhat conflicting, as discussed below. At any rate, it is apparent that the defendant was soon thereafter apprehended by Officer Divencenti, the wallet was retrieved by Officer Arden Taylor who obtained it from an unknown male who stated that he saw the defendant drop it, and the wallet was identified by Spiker as his own. The defendant was then arrested.[1]
The testimony is conflicting in that Spik-er testified that he was the first to grab the defendant, and then Officer Divencenti immediately arrived, while Officer Diven-centi testified that he was the first to apprehend the defendant. Spiker also testified that the defendant wore a brown jacket, while the two officers testified that he wore a blue and white shirt and blue pants. *392 The defendant testified that at the time of the incident he was wearing a blue and white shirt underneath a brown shirt, a black leather jacket and corduroy pants. The testimony was also conflicting in that the victim testified that he had between twenty and twenty-five dollars in his wallet, while Officer Taylor stated that the wallet contained approximately eighty dollars.
Both officers testified that they saw Spiker yelling and pointing to the fleeing defendant and that one of the officers, Salvadore Divencenti, was able to simply reach out and grab the defendant. Diven-centi testified that when he grabbed the defendant, he saw the defendant drop an unidentified object. Divencenti’s partner, Officer Arden Taylor, testified that he saw the defendant drop a wallet and then immediately retrieved it from an unknown white male.[1] Both Taylor and the victim testified that an unknown white male had picked up the wallet from a pile of garbage in the vicinity and had stated that the defendant dropped it.
The defendant admitted being in the area at the time of the incident but denied committing the crime. The defendant also admitted at trial that he had been convicted once before of purse snatching.
The defendant argues that the state failed to prove his guilt beyond a reasonable doubt. More particularly, defendant complains that the circumstantial evidence failed to exclude every reasonable hypothesis of innocence as required by LSA-R.S. 15:438.
Contrary to defendant’s assertions, under the correct standard of review, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the appellate court must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find the essential elements of the crime beyond a reasonable doubt.[2]
The crime of which defendant was convicted is defined as follows:
LSA-R.S. 14:65.1 Purse Snatching
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
It is clear that, given the evidence presented at trial, any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find that the victim’s wallet was stolen by the defendant; that the wallet contained a thing of value (i.e., money); and that it was snatched from within the immediate control of the victim. We reject the defendant’s argument that the state failed to prove that there was use of force, intimidation or snatching. It was established that the wallet was snatched from the right side pocket of the victim’s trousers.
This assignment of error is without merit.
Defendant argues alternatively that the sentence imposed was excessive and that the trial court failed to adhere to the sentencing guidelines set forth in La.C. Cr.P. art. 894.1. We disagree.
The record reveals that the trial judge fully complied with the sentencing guidelines set forth in the Code of Criminal Procedure. The judge specifically states at the sentencing hearing that he reviewed the sentencing guidelines and further states:
“The Court believes the defendant, having a previous conviction for this very same crime, obviously did not learn his lesson the first time. The Court believes he is in need of custodial environment. The Court does believe that any lesser sentence would deprecate the seriousness of the offense.
*393 The Court has reviewed the mitigating circumstances. The Court does not believe that any of them apply to this defendant ...”
Defendant, as a second felony offender, faced a possible maximum penalty of 40 years. The record fully supports the conclusion that the 15 year sentence, less than half of the possible penalty, is not excessive.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. At trial, Officer Taylor admitted that he had stated that it was he who retrieved the wallet from the ground. He stated that he did not mention in the report that a bystander had in fact retrieved the wallet and handed it to him because he and Officer Divencenti had failed to obtain the man's identity before he left the scene of the crime.

. Even if this court were required to exclude every hypothesis of innocence, as defendant claims, defendant’s argument that the culprit could have been any other person on the street at the time of the incident or could have been the person who gave the wallet to the police is neither reasonable nor persuasive.