643 So.2d 830 (1994)
STATE of Louisiana
v.
Glynn A. MARTIN.
No. 93-KA-1915.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
*831 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before SCHOTT, C.J., and WARD and LANDRIEU, JJ.
LANDRIEU, Judge.
Glynn A. Martin was charged by bill of information on October 29, 1991, with being a convicted felon in possession of a firearm, a violation of La.Rev.Stat.Ann. § 14:95.1 (West Supp.1994). On March 10, 1993, a twelve member jury found the defendant guilty as charged. Following the denial of defendant's motions for new trial and post verdict judgment of acquittal on May 26, 1993, the trial court immediately sentenced Martin to serve five years at hard labor. He was additionally fined $1500. On appeal, defense counsel raises two assignments of error and the defendant raises four pro se assignments of error for the reversal of his conviction and sentence. We affirm.

FACTS
At approximately 4:45 a.m. on September 30, 1991, Officers James Waiters and Sean Carrigan were exiting the police station located at 2500 Felicity Street when they observed two subjects riding on a bicycle. They knew of a series of armed robberies in the area in which two subjects would ride a bicycle with one of them seated on the handlebars. The latter would jump off when they approached a victim and pull a gun. Noting that the two subjects were riding a bicycle in this manner, in combination with the subject on the handlebars wearing a heavy coat in warm weather, the officers became suspicious. As they turned on the blue light and siren of the police car, the subjects attempted to flee. The officers were able to stop them. Upon frisking the subjects, Officer Carrigan discovered a .44 Magnum in defendant's waistband and a *832 marijuana cigarette his right pants pocket. The officers then checked the defendant's record and found that he was on probation for armed robbery.
At trial, it was stipulated that the defendant had a prior conviction for armed robbery.

DISCUSSION

PRO SE ASSIGNMENT OF ERROR NO. 2
The trial court sentenced the defendant immediately after denying his motions for new trial and post verdict judgment of acquittal, without observing the delay required by La.Code Crim.Proc.Ann. art. 873 (West 1984). Where a defendant does not waive the 24-hour delay between the denial of his motion for new trial or post verdict judgment of acquittal and sentencing, and the defendant challenges his penalty on appeal, the sentence must be vacated and the defendant re-sentenced. State v. Augustine, 555 So.2d 1331 (La.1990). Here the defendant complains that the trial court erred in not waiting the required 24-hour delay period from the denial of his motions before sentencing him, and, therefore, his sentence must be vacated and remanded.
However, with the passage of La. Code Crim.Proc.Ann. arts. 881.1-881.4 (West Supp.1994), we conclude Augustine has been legislatively overruled. Thus, when the defendant in the instant case failed to file a motion to reconsider sentence with the trial court within thirty days of the imposition of sentence, he was precluded from raising an objection to the sentence on appeal. Accordingly, this pro se assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 1 AND PRO SE ASSIGNMENTS OF ERROR NOS. 1, 3 AND 4
The defendant contends that the trial court erred in denying or not ruling on his Motion to Suppress the physical evidence seized prior to his arrest.
The Motion to Suppress evidence does not appear in the record. However, an answer by the State is in the record. A hearing was held on June 15, 1992, and the matter was continued for further testimony. A review of the record reveals that the trial court never ruled on the Motion to Suppress the Evidence. Since the Motion was never ruled on and counsel did not object before trial, we will consider the Motion as having been denied.
The defendant next contends that his counsel's failure to object to a ruling on the Motion to Suppress rendered her ineffective. The issue of ineffective assistance of counsel is generally addressed by an application for post conviction relief filed in the trial court where a full evidentiary hearing on the issue can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 622 So.2d 845 (La.App. 4th Cir.1993). However, when the appeal record contains enough evidence upon which to base a ruling on the issue, the appellate court will make a determination in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Johnson, 622 So.2d at 849.
A defendant must show that counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). "Counsel's performance is ineffective when it can be shown that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment." Bell, 543 So.2d at 969. To carry this burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 693, 104 S.Ct. at 2068; Bell, 543 So.2d at 969.
To decide whether the defendant's trial counsel was ineffective for failing to seek a ruling on the Motion to Suppress, it is necessary to consider the defendant's argument that the police officers did not have reasonable suspicion to detain him, and, therefore, the weapon seized from his possession was illegally obtained.
*833 The Fourth Amendment to the Federal Constitution and Article 1 § 5 of the Louisiana Constitution protects an individual against unreasonable search and seizure. However, the purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizen. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A police officer has the right to conduct an investigatory stop when he has a reasonable suspicion that a person has been, is, or is about to be engaged in criminal conduct. He may demand the suspect's name, address, and an explanation of his actions after which time the suspect is free to walk away. La. Code Crim.Proc.Ann. art. 215.1(A) (West 1991). Although flight at the sight of a police officer is by itself insufficient to justify an investigatory stop, this type of conduct may be a factor which contributes to a finding of reasonable cause to stop. Belton, 441 So.2d at 1198. That the place is known to be a high crime area is also a contributing fact upon which a police officer can rely and is relevant in a determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.), writ denied, 578 So.2d 131 (La.1991).
In the instant case, the defendant was seen in an area where a series of armed robberies had occurred. The modus operandi in those robberies was similar to the activity displayed by the defendant: two men riding a bicycle with one on the handlebars. The defendant was wearing a heavy coat in warm weather, and the officers knew from experience that heavy coats are used to conceal weapons. As the suspects' eyes met Officer Carrigan's, the men appeared "startled" and "scared." Thereafter, when the officers tried to stop the men, they attempted to flee. These facts support a finding of reasonable suspicion. Thus, the subsequent stop and frisk were justified.
Having determined that the stop and frisk of the defendant were justified, the admission of the gun into evidence was legal in all respects. Since the gun was properly admitted into evidence, we fail to see how the defendant was prejudiced in his counsel failing to demand a ruling on the Motion to Suppress. Accordingly, these assignments of error are without merit.

ASSIGNMENT OF ERROR TWO
The defendant contends that the trial court erred when it fined him because he is indigent. La.Rev.Stat.Ann. § 14:95.1 provides for a mandatory fine. Therefore, the trial court merely followed the letter of the law by imposing the fine as part of Martin's sentence. It did not impose additional time in lieu of payment, and, thus, there is no indication that the defendant's constitutional rights were violated. Accordingly, this assignment is without merit.
Other than the error patent addressed in defendant's pro se assignment of errors, our review of the record reveals no further errors patent.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.