752 So.2d 184 (1999)
STATE of Louisiana
v.
Ronald W. BONICARD.
No. 98-KA-0665.
Court of Appeal of Louisiana, Fourth Circuit.
August 4, 1999.
Writ Denied March 17, 2000.
Harry F. Connick, District Attorney, Richard R. Pickens, II, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MOON LANDRIEU, Judge MICHAEL E. KIRBY).
KIRBY, Judge.

I. STATEMENT OF THE CASE

On July 22, 1997, the defendant, Ronald Bonicard, was charged by bill of information with purse snatching, in violation of La. R.S. 14:65.1. The defendant entered a plea of not guilty at his arraignment, but later changed his plea to not guilty by reason of insanity. The trial court appointed Drs. Ritter and Salcedo to examine the defendant, and the sanity hearing *185 was held on October 9, 1997. The defendant was found competent to proceed, and trial was scheduled; however, after jury selection, the defendant entered a plea of guilty as charged. The State filed a multiple bill of information alleging defendant was a second felony offender. The defendant pled guilty to the multiple bill, and the trial court sentenced defendant to serve ten years at hard labor without benefit of probation or suspension of sentence. From this conviction and sentence, defendant appeals.
A review of the record for errors patent reveals none.
In his first assignment of error, the defendant alleges that the trial court failed to rule on defendant's competency prior to accepting his guilty plea. The defendant relies upon the case of State v. Nomey, 613 So.2d 157 (La.1993), in support of his argument.
In Nomey, the trial court failed to conduct a competency hearing after the defendant filed a motion for a sanity commission. The trial court had appointed a sanity commission which examined defendant. However, the trial court accepted the defendant's guilty pleas the day after the examination without conducting a contradictory hearing on the issue of defendant's competency. The Supreme Court concluded that the trial court's acceptance of the pleas without holding a hearing on defendant's competency violated La. C.Cr.P. arts. 642 and 647.
However, the case at bar is distinguishable from State v. Nomey. In the present case, the defendant changed his plea to not guilty by reason of insanity on October 2, 1997. Thereafter, the trial court appointed Drs. Ritter and Salcedo to examine the defendant. At the sanity hearing on October 9, 1997, Dr. Ritter testified that the defendant was competent to proceed. The parties stipulated that Dr. Salcedo's testimony would be the same as Dr. Ritter. After the parties submitted the matter, the trial court then proceeded to set the matter for trial. While the trial court did not specifically state on the record that it found the defendant competent, the trial court's actions in setting a trial date indicate that the trial court found the defendant competent to proceed. In addition, the minute entry and docket master entry for October 9, 1997, stated that the defendant was found competent. Thus, the trial court complied with La.C.Cr.P. articles 641 et seq. in determining the defendant to be competent and subsequently accepting the defendant's guilty plea to the charge of purse snatching.
This assignment is without merit.
In his second assignment of error, the defendant also argues that the trial court imposed an unconstitutionally excessive sentence.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La. 1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
*186 In the present case, the defendant pled guilty to the charge of purse snatching. The State then filed a multiple bill of information alleging defendant to be a second felony offender. The defendant pled guilty to the multiple bill of information, acknowledging his prior conviction for simple burglary of an inhabited dwelling in 1989. The trial court sentenced the defendant to serve ten years at hard labor without benefit of probation or suspension of sentence. The sentence was the minimum sentence allowable under La. R.S. 14:65.1 and La. R.S. 15:529.1.
In sentencing the defendant, the trial court noted that purse snatching was a crime of violence.
In State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237, the Louisiana Supreme Court found that a sentence of fifteen years at hard labor on a defendant's conviction for purse snatching was not excessive. The defendant in Smith had been adjudicated a second felony offender, and the sentence imposed was under the multiple offender statute. Likewise, this Court in State v. McDermott, 557 So.2d 390 (La. App. 4th Cir.1990), upheld a fifteen-year sentence on a defendant's conviction for purse snatching. The defendant in McDermott was also adjudicated a second felony offender under the multiple offender statute.
In light of the jurisprudence cited above and the defendant's status of a second felony offender, the defendant's sentence of ten years at hard labor under the multiple offender statute is not unconstitutionally excessive.
This assignment is without merit. Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.