834 So.2d 1188 (2002)
STATE of Louisiana
v.
Norman FOSTER.
No. 2002-KA-0910.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 2002.
*1190 Harry F. Connick, District Attorney, Donna R. Andrieu, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER).
STEVEN R. PLOTKIN, Judge.
Defendant raises the following issues in this appeal. The first issue is whether the trial court erred in refusing to allow defendant to change his plea to not guilty and not guilty by reason of insanity. The second issue is whether the trial court erred in not adhering to the statutory twenty-four hour delay between the denial of the defendant's motion for new trial and sentencing. The final issue is whether the sentence in this case is excessive. For the following reasons, we affirm the trial court's denial of defendant's motion to change his plea. However, we remand the case to the trial court for resentencing for failure to observe the mandatory twenty-four hour delay in sentencing provided by La. C. Cr. P. article 873; and we further note that the trial court did not properly take into account the defendant's mental illness as a mitigating factor in the sentence.
FACTS AND PROCEDURAL HISTORY
Defendant Norman Foster was charged by bill of information on June 18, 2001 with one count of forcible rape, a violation of La. R.S. 14:42.1, and one count of aggravated incest, a violation of La. R.S. 14:78.1. Defendant pleaded not guilty at his October 24, 2001 arraignment. A competency hearing was conducted on October 30, 2001, after which the trial court ruled that defendant was competent to proceed. On November 13, 2001, after a sanity hearing, the trial court ruled that defendant was sane at the time of the offense. The trial court denied defendant's motions to suppress the evidence, statements and identification on November 30, 2001.
*1191 On the morning of the first day of trial, January 17, 2002, defendant moved to change his plea from not guilty to a dual plea of not guilty and not guilty by reason of insanity. The motion to change defendant's plea was denied by the trial court. On January 22, 2002, after a two-day trial, defendant was found guilty as charged by a twelve-person jury. On January 31, 2002, the defendant filed motions for new trial, for post-verdict judgment of acquittal, and for arrest of judgment. On the very same day, the trial court denied defendant's motions and sentenced defendant to twenty years at hard labor on the forcible rape count and twenty-one years at hard labor on the aggravated incest count, with the sentences to run concurrently.
ERRORS PATENT AND ASSIGNMENT OF ERROR NO. 2
A review of the record reveals one error patent that is also the subject of defendant's second assignment of error. At the sentencing hearing the trial court denied defendant's motion for new trial and motion in arrest of judgment, and immediately sentenced him.
La. C. Cr. P. article 873 states that if a motion for new trial or motion in arrest of judgment is filed, sentence shall not be imposed until at least twenty-four hours after the motion is denied, unless the defendant expressly waives the delay or pleads guilty. A defendant may implicitly waive the twenty-four hour delay by announcing his readiness for sentencing. State v. Pierre, 99-3156, p. 7 (La.App. 4 Cir. 7/25/01), 792 So.2d 899, 903, writs denied, 2001-2828 (La.8/16/02), 822 So.2d 614, 2001-2409 (La.9/13/02), 824 So.2d 1189 (implicit waiver where defense counsel responds in the affirmative when trial court inquires if he is ready for sentencing); State v. Robichaux, XXXX-XXXX, p. 7 (La. App. 4 Cir. 3/14/01), 788 So.2d 458, 464-465, writ denied, XXXX-XXXX (La.3/15/02), 811 So.2d 897, cert. denied, ___ U.S. ___, 123 S.Ct. 157, 154 L.Ed.2d 60 (2002) defense counsel announcing to judge that prior to sentencing he wished to file a motion for new trial operated as implicit waiver of twenty-four hour delay). Where a defendant does not challenge his sentence on appeal or raise the failure to observe the 24-hour delay as error, any error is harmless. State v. Celestine, 2000-2713, p. 5 (La.App. 4 Cir. 2/13/02), 811 So.2d 44, 47.
Failure of the trial court to observe the mandatory twenty-four hour delay after denial of a motion for new trial, where such delay is not waived, requires the sentence to be vacated and the case remanded for resentencing. State v. Augustine, 555 So.2d 1331, 1333 (La.1990), superseded, in part, by statute as stated in State v. Martin, 93-1915, pp. 2-3 (La.App. 4 Cir. 9/29/94), 643 So.2d 830, 832[1]; State v. Brauner, 99-1954, p. 14 (La.App. 4 Cir. 1/21/01), 782 So.2d 52, 63, writ denied, XXXX-XXXX (La.3/22/02), 811 So.2d 920. Louisiana jurisprudence has recognized exceptions to this requirement in cases where the failure to observe the delay is considered harmless. For example, the Louisiana Supreme Court in State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997), held that the failure of the trial court to observe the mandatory twenty-four hour rule was harmless where *1192 the sentence imposed was mandatory in nature. Id. at p. 17, 684 So.2d at 380. Further, failure to observe the twenty-four hour period has been considered harmless where there is a sufficient delay between the date of conviction and the date of sentencing; there is no indication that the sentence is hurriedly imposed and; there is no argument or showing of actual prejudice by the failure to observe the twenty-four hour delay. State v. Sam, XXXX-XXXX, p. 8 (La.App. 4 Cir. 4/19/00), 761 So.2d 72, 78, writ denied, XXXX-XXXX (La.9/14/01), 796 So.2d 672 (delay between conviction and sentencing just under one month); State v. Dickerson, 579 So.2d 472, 484 (La. App. 3 Cir.1991), writ granted in part, 584 So.2d 1140 (La.1991) (delay between conviction and sentencing over one month). But cf., State v. Brauner, 99-1954 at p. 14, 782 So.2d at 63 (requiring that sentence be vacated notwithstanding over six months between conviction and sentencing).
Prior to sentencing, defendant filed motions for new trial and in arrest of judgment. The defendant was sentenced on the very same day that those motions were denied. There is no indication in the instant case that defendant waived the twenty-four hour delay, either expressly or implicitly. Defendant has not only raised the issue of excessive sentence, he has also raised the trial court's failure to observe the twenty-four hour delay as an assignment of error.
Furthermore, in this case, nine days elapsed between the date of conviction and the date of sentencing. Given our review of the jurisprudence as well as the circumstances of this case, we do not find that a sufficient delay transpired such that the failure of the trial court to observe the twenty-four hour delay mandated by La. C. Cr. P. article 873 constitutes harmless error. We therefore find that the failure of the trial court to observe the mandatory twenty-four hour delay requires that the sentence be vacated and the case remanded to the trial court for resentencing.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant claims the trial court erred in refusing to permit him, on the morning of the first day of trial, to change his plea from not guilty to a dual plea of not guilty and not guilty by reason of insanity.
La. C. Cr. P. article 561 provides that a defendant may withdraw a plea of not guilty and enter a plea of not guilty and not guilty by reason of insanity within ten days after arraignment. Thereafter, the court may, for good cause shown, permit such a change of plea at any time before the commencement of trial.
Defendant was arraigned on October 24, 2001, at which time he pleaded not guilty. He sought to change his plea to not guilty and not guilty by reason of insanity on the morning of the first day of trial, January 17, 2002, more than ten days after arraignment. More importantly, the transcript from the first day of trial indicates that defendant sought to change his plea at some point after voir dire had begun, probably after it had concluded. The minute entry from the first day of trial reflects that defendant moved to change his plea after voir dire was completed and the jury sworn. La. C. Cr. P. article 761 states that "[a] jury trial commences when the first prospective juror is called for examination." As La. C. Cr. P. article 561 authorizes the trial court to permit a change in the plea from not guilty to not guilty and not guilty by reason of insanity only "at any time before the commencement of the trial," the court in the instant could not have permitted a change in the plea after trial had commenced. See State v. Anseman, 607 So.2d 665, 670 (La.App. 5 Cir. 1992) ("defendant's motion to change her *1193 plea was untimely because trial had already commenced with the calling of the first prospective jurors for examination"). Accordingly, the trial court properly denied defendant's request.
Moreover, prior to trial, on November 13, 2001, a hearing was held on the issue of defendant's sanity at the time of the offense. Dr. Raphael Salcedo, qualified by stipulation as an expert in the field of forensic psychiatry, testified that he had examined defendant, and that it appeared defendant had been able to distinguish right from wrong at the time of the offense. It was stipulated by the State and defense that Dr. Richoux was an expert in the field of forensic psychiatry, and that if he were called to testify his testimony would be substantially the same as that of Dr. Salcedo. The defense presented no evidence. At the conclusion of the hearing, the trial court found that defendant had been sane at the time of the offense.
On the morning of trial, defense counsel, the same counsel who represented defendant at the pre-trial sanity hearing, argued to the court that he was making the motion to change the plea based on talking to defendant on the morning of trial. Defense counsel mentioned that defendant might have been uncooperative with the two psychiatrists who previously had examined him and pronounced him sane at the time of the offense. In State v. Jason, 99-2551 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, writ denied, XXXX-XXXX (La.11/9/01), 801 So.2d 357, the defendant moved to change his plea to not guilty and not guilty by reason of insanity on the morning of trial. Id. at p. 13, 779 So.2d at 873. The trial court immediately held a sanity hearing, prior to commencement of trial. Id. As in the instant case, both experts testified that the defendant was sane at the time he committed the offense. Id. at p. 14, 779 So.2d at 873-74. The trial court denied the defendant's request to change his plea and this court affirmed. Id. at pp. 14-15, 779 So.2d at 874.
Even assuming defendant in the instant case would have timely requested to change his plea, because the two experts had previously found defendant sane at the time of the offense, and defendant presented no new evidence of insanity, it could not be said that the trial court would have abused its discretion in denying the motion on the merits.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 3
In his final assignment of error, defendant claims that his sentences were excessive, but limits his argument to the claim that the trial court erred in failing to consider his mental illness as a mitigating factor when sentencing him. The trial court denied defendant's motion to reconsider sentence. Although defendant's sentences must be vacated because the trial court failed to observe the twenty-four hour delay required by La. C. Cr. P. article 873, we also note that defendant's assignment as to the excessive nature of the sentence has merit, where, as here, the record does not reflect that the defendant's mental illness was not considered as a mitigating factor in the sentencing.
Article I, section 20 of the Louisiana Constitution explicitly prohibits excessive sentences. State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Brady, 97-1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272; State v. Francis, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461, grant of post conviction relief on other grounds affirmed, XXXX-XXXX *1194 (La.App. 4 Cir. 2/6/02), 809 So.2d 1132. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979, citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir.1987). A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Webster, 98-0807, p. 3 (La.App. 4 Cir. 11/10/99), 746 So.2d 799, 801, reversed on other grounds sub nom. State v. Lindsey, 99-3302 (La.10/17/00), 770 So.2d 339. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 9, 656 So.2d at 979; State v. Hills, 98-0507, p. 5 (La.App. 4 Cir. 1/20/99), 727 So.2d 1215, 1217.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La. C. Cr. P. article 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189; State v. Robinson, 98-1606, p. 12 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 127. If adequate compliance with La. C. Cr. P. article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Ross, 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762; State v. Bonicard, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
However, in State v. Major, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C. Cr. P. art. 881.4(D).
96-1214 at p. 10, 708 So.2d at 819.
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La. 1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense." State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, *1195 State v. Franks, 373 So.2d 1307, 1308 (La.1979), a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." State v. Wimberly, 414 So.2d 666, 672 (La. 1982).
Id.
In the instant case, defendant was sentenced to twenty-one years at hard labor on the forcible rape conviction, and twenty years at hard labor on the aggravated incest conviction, with both sentences to run concurrently. La. R.S. 14:42.1 provides for a sentence of not less than five nor more than forty years at hard labor for forcible rape. La. R.S. 14:78.1 provides for a sentence of not less than five nor more than twenty years at hard labor, and/or a fine of up to fifty thousand dollars, for aggravated incest. Defendant received approximately one-half of the maximum sentence on the forcible rape conviction, and the maximum prison sentence on the aggravated incest conviction.
The trial court gave no reasons for sentencing, nor indicated in any way that it had considered the sentencing factors in La. C. Cr. P. article 894.1. Defendant argues that his mental illness was a mitigating factor the trial court should have considered. In State v. Legendre, 522 So.2d 1249 (La.App. 4 Cir.1988), this court vacated the five-year maximum sentence for second degree battery imposed on a defendant with a long history of mental illness who had been diagnosed as a paranoid schizophrenic and treated with various medications which he continually resisted taking. This court found that the trial court should have considered the defendant's mental illness as a mitigating factor, citing several Louisiana Supreme Court decisions for the proposition that "Louisiana caselaw does indicate that mental illness should be used as a mitigating circumstance." 522 So.2d at 1252.[2] This court stated that "[w]hen persons with recognized, diagnosed mental illnesses are convicted of crimes, that condition should be considered to mitigate the type and length of sentence imposed on the offender, even if he has been ruled legally sane." 522 So.2d at 1253.
In State v. Taylor, 91-2496 (La.App. 4 Cir. 3/29/94), 635 So.2d 416, this court cited Legendre for the proposition that Louisiana jurisprudence indicates that mental illness should be used as a mitigating factor in sentencing. In Taylor, however, this court affirmed the defendant's sentence, noting that the defendant failed to introduce evidence that he was suffering from depression at the time of the offense. Hospital records showed that the defendant was diagnosed as suffering from moderate depression one year before the crime. However, defendant did not exhibit any signs of depression when examined some six months after the crime by a psychiatrist appointed to a sanity commission.
In the instant case, Dr. Salcedo testified at the October 30, 2001 hearing on defendant's competency to proceed that defendant reported a history including an alleged diagnosis of paranoid schizophrenia. Dr. Salcedo stated that defendant had apparently received outpatient treatment at a local mental health clinic, and also possibly *1196 some inpatient treatment. Dr. Salcedo admitted that neither he nor Dr. Richoux, the other member of the sanity commission, had an occasion to review any of defendant's medical records. However, Dr. Salcedo inferred that he believed defendant's representations. Dr. Salcedo said defendant indicated that he had not been receiving psychiatric medications since he was arrested, but that before then he had been taking an anti-psychotic medication, Zyprexa. Dr. Salcedo said Zyprexa was an anti-psychotic medication prescribed to relieve psychotic symptoms such as hallucinations and delusions. Dr. Salcedo said defendant was not displaying either of those symptoms. Dr. Salcedo did not find that defendant was particularly depressed. He noted that defendant's defense posture was a little bit out of touch with reality, but did not think that was necessarily a result of mental illness, but perhaps out of some incomplete understanding of the legal implications of his situation.
Dr. Salcedo's October 30, 2001 letter to the court states that defendant "apparently suffers from Chronic Paranoid Schizophrenia," which he said was consistent with defendant having been treated with the anti-psychotic medication Zyprexa for two years, "evidently" through the Veteran's Administration Hospital.
Dr. Salcedo testified at the November 13, 2001 hearing on defendant's sanity at the time of the offense that defendant indicated that he had been taking the anti-psychotic medication Zyprexa for the last two years, and had been going to the VA hospital since 1998, as well as the local mental health clinic. Defendant reported that he had been treated with Stelazine in 1998, and that he had been discharged from the Marine Corps with a diagnosis of schizophrenia. Dr. Salcedo stated that he and Dr. Richoux did not know whether defendant's psychiatric history predated 1998. Dr. Salcedo noted that the doctors did not see any objective evidence that defendant was suffering from any psychosis when they examined him on October 30, 2001. He did recommend that as a preventative measure it would be a good idea for defendant to start taking Zyprexa so he did not decompensate during trial, and noted that defendant was trying to get on medication in jail.
The victim testified that when police came they asked her if defendant was on some kind of medication. Apparently, when confronted by police that day, defendant stated that he had a nervous condition, that what he did to the victim and his son could have been prevented, and that he always tried to get help. The victim stated on cross examination that she knew defendant took medication, but did not know for what reason.
Defendant's sole argument as to his excessive sentence claim is that the trial court failed to consider his mental illness in sentencing him. The trial court failed to consider any mitigating or aggravating factor for the record when sentencing defendant. As previously discussed, defendant's sentences must be vacated because of the trial court's failure to observe the 24-hour delay between denial of defendant's motions for new trial and in arrest of judgment. Defendant did not prove by any objective evidence that he suffered from mental illness at the time he perpetrated any of the offenses for which he was convicted. However, the record suggests that defendant may suffer from and/or may have suffered in the past from a serious mental illness, paranoid schizophrenia. Therefore, the trial court must consider whatever evidence there is of defendant's mental illness as a factor when resentencing him.
*1197 CONCLUSION
For the foregoing reasons, the trial court's denial of defendant's motion to change his plea is affirmed and his conviction is likewise affirmed. However, defendant's sentence is hereby vacated and the case is remanded to the trial court for resentencing. We further note, notwithstanding the trial court's failure to observe the mandatory twenty-four hour delay in sentencing, that the mental illness of defendant should be considered as a mitigating factor in sentencing.
AFFIRMED IN PART AND REMANDED FOR RESENTENCING.
NOTES
[1] In State v. Martin, the court noted that Augustine is overruled to the extent that defendant fails to comply with La.Code of Crim. Proc. Ann. Article 881.1. Martin, 93-1915 at p. 2, 643 So.2d at 832. Specifically, Martin states that defendant must file a motion to reconsider sentence within 30 days of the imposition of sentence: failure to do so precludes defendant from challenging his sentence on appeal. Id.
[2] Citing State v. Price, 403 So.2d 660 (La. 1981) (defendant suffered from deranged mental condition which, while not absolving him of criminal responsibility, did tend to excuse or explain his behavior); State v. Hart, 397 So.2d 518 (La.1981) (fact that defendant diagnosed as schizophrenic should have served as a mitigating circumstance in sentencing).