JAMES F. McKAY III, Judge.
| STATEMENT OF CASE
The appellant was charged on April 27, 2005, with one count of possession of cocaine. He entered a not guilty plea on May 3, 2005, and on July 22, 2005, the district court denied the motion to suppress the evidence. However, it found no probable cause, and a release was issued. Following a bench trial on August 10, 2005, the appellant was found guilty of attempted possession of cocaine. He was sentenced on August 18, 2005, to serve two years at hard labor. The sentence is to run concurrently with any other sentence the appellant may be serving, and he was recommended for participation in the Impact Program. His motion for appeal was granted. The district court denied the motions to reconsider sentence, to quash the multiple bill of information and for a new trial.[1]
STATEMENT OF FACT
On April 6, 2005, New Orleans Police Department Officers Robert Harr and Stephen Rodrigue were driving a marked police vehicle down Sixth Street. When the officers turned onto Dryades Street, they observed the appellant and his brother [¡.walking towards them. The brother attempted to conceal himself behind a vehicle on the street; he was observed discarding a handgun behind the front passenger tire. At that point, the officers exited the vehicle. Officer Harr proceeded to the sidewalk where the appellant was standing watching his brother. Officer Rodrique approached the brother.
When the appellant looked up from observing his brother, he saw Officer Harr. He then discarded from his left hand a bag of approximately thirty pieces of crack cocaine. The appellant and his brother were detained. Officer Harr retrieved the handgun and cocaine. A stipulation was made that the substance recovered tested positive for cocaine.
ERRORS PATENT
A review of the record reveals that there are no errors patent.
ASSIGNMENT OF ERROR
In his sole assignment of error, the appellant contends that the sentence the trial court imposed is excessive.
In State v. Smith, 2001-2574, p. 6-7 (La.1/14/03), 839 So.2d 1, 4, the Court set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive ... punishment.” (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is |snot whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
*779 See also State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Landry, 2003-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235.
An appellate court reviewing a claim of an excessive sentence must determine whether the trial court adequately complied with the statutory sentencing guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. Landry; State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, this Court noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” Landry, 2003-1671, at p. 8, 871 So.2d at 1239. See also State v. Bonicard, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
|4Here, the appellant contends that the two-year sentence that the district court imposed is excessive because it is near the thirty-month maximum sentence allowed by La. R.S. 40:979(967), and the offense was nonviolent.
Although the district court did not enumerate or even refer to any of the sentencing factors listed in La.C.Cr.P. art. 894.1, the record appears to support the sentence imposed.
The appellant discarded a bag containing approximately thirty pieces of crack cocaine and was accompanied at the time by his brother, who was armed.[2] Further, he has not indicated any mitigating factors that the district court might have considered in support of a lesser sentence.
CONCLUSION
For the above and forgoing reasons we affirm the appellant’s conviction and sentence.
AFFIRMED.

. The appellant waived the sentencing delay.

. Compare an unpublished opinion of this court in which the defendant received the maximum sentence of thirty months on his conviction for attempted possession of cocaine. State v. Jermaine Robinson, unpub., 96-1197 (La.App. 4 Cir. 12/18/96), 686 So.2d 186. In Robinson only trace amounts of cocaine were found in two baggies in the garbage can of the defendant’s home; however, he possessed the tools of a drug distributor, some cash, and a loaded handgun.