TERRI F. LOVE, Judge.
| ,This appeal arises from Michael Hol-lins’ conviction and sentencing for the alleged distribution of a substance thought to be crack cocaine. Michael Hollins appeals asserting that the trial court imposed an excessive sentence. For the following reasons, we find that the sentence was not excessive and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 7, 2004, Detective Stacey Lebeau (“Detective Lebeau”) was working as an undercover officer in the area of the Florida Housing Development (“Development”). As Detective Lebeau turned her official vehicle from Desire Street onto North Dorgenois Street, she saw Michael Hollins (“Mr. Hollins”) riding a bicycle. Detective Lebeau asked Mr. Hollins if he had any “rock” for her, meaning crack cocaine. Mr. Hollins replied in the affirmative and told her to pull over. Mr. Hollins told Detective Lebeau that he had to go into the Development to get the drugs and indicated that she should follow. Detective Lebeau followed Mr. Hollins down North Dorgenois. Mr. Hollins allegedly told Detective Lebeau to pull over and wait for the crack cocaine. Detective Lebeau parked and waited while Mr. Hol-lins went into the Development, where she lost sight of him. Mr. Hollins returned to the passenger side of her car and Detective Lebeau gave him | ⅞$20. Mr. Hollins allegedly threw an object Detective Le-beau believed to be crack cocaine on her seat and then Mr. Hollins rode away. Detective Lebeau drove away and notified her backup team that she had completed the transaction. She noticed that the object that Mr. Hollins had given her, wrapped in plastic like a rock of crack cocaine, was a lima bean. Detective Le-beau later identified a photograph of Mr. Hollins as the person who sold her the lima bean represented to be crack cocaine. Detective Lebeau’s undercover vehicle videotaped and audiotaped her interaction with Mr. Hollins.
Detective Yussef Willoughby (“Detective Willoughby”), part of the surveillance team connected to the undercover operation, testified that he saw the transaction between Mr. Hollins and Detective Lebeau, and was able to hear the transaction through the microphone in Detective Le-beau’s car. In addition, Detective Wil-loughby testified that after Detective Le-beau drove off, he witnessed Mr. Hollins *424 ride his bicycle back toward the Development. Detective Willoughby testified that he called for the takedown team that apprehended Mr. Hollins. He further testified that Detective Lebeau used marked money for the undercover operation. However, Mr. Hollins did not have marked money in his possession.
Detective Jeff Sislo (“Detective Sislo”), also a part of the takedown team, testified that Detective Willoughby directed him and his partner to the 3600 block of North Dorgenois, where they saw Mr. Hollins riding his bike through the Development. He testified that when Mr. Hollins saw the officer approaching in their unmarked but recognizable police car, Mr. Hollins dropped his bike and began running. Mr. Hollins ran around a building where another takedown unit followed him. Detective Sislo and his partner circled the building from the other direction, and they apprehended Mr. Hollins as he ran toward their car. Detective | ¡¡Sislo testified that Detective Willoughby drove by after they stopped Mr. Hollins and identified him as the man who conducted the transaction with Detective Lebeau. Detective Sislo arrested Mr. Hollins for distribution of crack cocaine. He stated that no money was found when the officers searched Mr. Hollins incident to his arrest.
The State of Louisiana charged Mr. Hol-lins with distribution of a substance falsely represented as crack cocaine. Mr. Hollins pled not guilty at arraignment. The parties stipulated that a police criminalist would testify that the lima bean Mr. Hol-lins gave Detective Lebeau tested negative for any controlled dangerous substance. While the first trial ended in a mistrial due to jury deadlock, a second jury found Mr. Hollins guilty as charged. The trial court sentenced him to serve thirty months at hard labor. The trial court denied Mr. Hollins’ motion to reconsider sentence and granted his motion for appeal. The State filed a multiple bill. However, the matter was reset several times, and the State withdrew the bill.

ERRORS PATENT

A review of the record reveals there are no patent errors.

EXCESSIVE SENTENCE

Mr. Hollins asserts that the trial court erred by imposing an excessive sentence. The jury found Mr. Hollins guilty of distribution of a substance falsely represented to be cocaine. The trial court could have imposed a maximum possible sentence of five years at hard labor and a fine of not more than $5,000. However, the trial court sentenced Mr. Hollins to serve thirty months at hard labor, half the possible sentence, and did not impose a fine.
In State v. Smith, 01-2574, pp. 6-7 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court set forth the standard for evaluating a claim of excessive I ¿sentencing:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive ... punishment.” (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sen *425 tence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
See also State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Batiste, 06-0875 (La.App. 4 Cir 12/20/06), 947 So.2d 810; State v. Landry, 03-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235.
In Batiste, this Court further stated:
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Landry, supra; State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resen-tencing is unnecessary even when there has not been full compliance Iswith Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be . reserved for the most egregious violators of the offense so charged.” State v. Landry, 2003-1671 at p. 8, 871 So.2d at 1239. See also State v. Bonicard, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
06-0875, p. 18, 947 So.2d at 820.
Mr. Hollins’ sentence is not excessive in comparison to other sentences imposed for the same or similar offenses. In State v. Dugas, 527 So.2d 610, 613 (La.App. 3rd Cir.1988), the court upheld a maximum five-year sentence for distribution of a substance the defendant represented as cocaine. The defendant had prior convictions for aggravated battery (the probation for which had been revoked with his arrest on the present conviction), burglary, and marijuana possession, as well as arrests for aggravated burglary and theft. Id. at 612. Likewise, in State v. Ourso, 438 So.2d 1239, 1244 (La.App. 3rd Cir.1983), the court affirmed the defendant’s thirty-month sentence for attempted distribution of a substance falsely represented as a controlled dangerous substance. That defendant had a prior drug conviction. Id.
Mr. Hollins argues that the trial court should have ordered a presentence investigation to ascertain more about his background. However, as per La.C.Cr.P. art. 875, the trial court may request a presentence investigation, but a defendant has no right to demand that the court order one. See State v. Bell, 377 So.2d 275 (La.1979). In State v. Allen, 03-2156, pp. 13-14 (La.App. 4 Cir. 5/19/04), 876 So.2d 122, 130, this Court held that the trial court did not err by not ordering a presen-tence investigation where, as here, the defendant did not request one prior to sentencing and did not object at sentencing to the lack of such investigation.
In the case sub judice, Mr. Hollins argues that he was “entrapped” into selling Detective Lebeau the substance found to *426 be a lima bean and should have been given a lesser sentence. However, Detective Le-beau asked Mr. Hollins if he had crack to sell. Mr. Hollins voluntarily led Detective Lebeau to the Development, told her where to wait, went into the Development, gave her the substance he represented as crack cocaine, and took her $20. The law does not differentiate because the object Mr. Hollins gave her was a lima bean; he represented to her that it was a rock of crack cocaine and sold it to her as such.
As in Ourso, Mr. Hollins has one prior drug conviction. At sentencing, the State noted that it would be filing a multiple bill against Mr. Hollins. The prosecutor stated that Mr. Hollins had a prior conviction for possession of heroin. The State then filed the multiple bill listing the prior conviction as # 450-887, in which Mr. Hollins pled guilty to possession of heroin. Mr. Hollins pled not guilty to the multiple bill, and the trial court reset the hearing on the bill. Yet, unlike in Ourso, Mr. Hollins did not receive the maximum sentence; instead, he received one-half the maximum sentence.
Although the trial court did not articulate the aggravating and mitigating factors it considered during sentencing, the record supports the basis for the sentence. The trial court was aware of the circumstances of Mr. Hollins’ case and was aware that he had a prior drug possession conviction. Mr. Hollins has not shown that the trial court abused its discretion by imposing an unconstitutionally excessive sentence. This claim has no merit.

J¿DECREE

Accordingly, we affirm Mr. Hollins’ sentence.
AFFIRMED.