761 So.2d 662 (2000)
STATE of Louisiana
v.
Edward J. HARRIS.
No. 98-KA-2932.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 2000.
*664 Harry F. Connick, District Attorney of Orleans Parish, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant.
(Court composed of Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr. and Judge ROBERT A. KATZ).
WALTZER, Judge.[1]

STATEMENT OF CASE
Defendant, Edward J. Harris, was charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967 and possession of a firearm while distributing a controlled dangerous substance, cocaine, in violation of La. R.S. 14:95. The defendant pled not guilty to both counts at his arraignment. At a motion hearing the trial court found probable cause and denied defendant's motion to suppress evidence. After a jury trial, the defendant was found guilty as charged on both counts. The State filed a multiple bill of information to which the defendant pled not guilty. A sentencing and multiple offender hearing was held on 2 April 1998, at which the defendant was adjudicated a second felony offender. On the same date, the defendant filed a motion for new trial, a motion for post verdict judgment of acquittal, and a motion for appeal. The trial court denied defendant's motion for new trial and motion for post verdict judgment of acquittal. The trial court then sentenced defendant under the multiple bill. The trial court sentenced defendant on the distribution of cocaine charge to twenty-five years at hard labor.[2] The trial court imposed a sentence of ten years at hard labor without benefit of probation, parole or suspension of sentence on the possession of firearm charge. The trial court ordered that the sentences were to be served consecutively. The defendant filed a motion to reconsider sentence that was denied by the trial court. Defendant's motion for appeal was granted.

STATEMENT OF FACTS
On 29 September 1997, Sgt. Patrick Burns was supervising a "buy-bust" operation. Det. Adam Henry was the undercover agent. Sgt. Brown supplied Det. Henry with one hundred dollars in marked currency. Henry was dressed in plain clothes and drove a nontraditional unmarked police vehicle equipped with audio and video recorders and a transmitter. At approximately 10:30 p.m., Sgt. Brown and Det. Paul Toye positioned their vehicle at the intersection of Clara Street and Jackson Avenue. Shortly thereafter, Det. Henry drove into the area. As Det. Henry turned onto Clara Street, the defendant, who was standing in the 2100 block of Clara Street, made contact with Det. Henry. Sgt. Brown heard through his transmitter Det. Henry ask defendant to sell him two pieces of crack cocaine. Once the transaction was completed, Henry drove out of the area and provided Sgt. Brown and Det. Toye with a description of the defendant. Sgt. Brown observed the defendant wearing a white tee shirt with "French Quarter" written across the chest *665 and blue jean cutoff shorts. Sgt. Brown then transmitted the defendant's description to the takedown units in the area and ordered the takedown units to apprehend and arrest the defendant. When the defendant saw marked police vehicles turning onto Clara Street, he ran down an alleyway. Officer Travis McCabe and Det. Paul Toye pursued the defendant on foot. McCabe apprehended and arrested the defendant. Toye retrieved a weapon that the defendant had discarded during the pursuit. The defendant was then arrested for possession of the weapon. A Polaroid photograph of the defendant was taken and shown to Det. Henry. Henry identified the defendant as the person who sold him the crack cocaine. The defendant was then arrested for distribution of cocaine and transported to Central Lockup.
Detective Adam Henry testified that he participated in a "buy-bust" operation as an undercover agent. He was dressed in plain clothes and drove an undercover vehicle equipped with electronic recording and transmitting equipment. Det. Henry stated that as he turned onto Clara Street, the defendant flagged him down. The officer asked the defendant for "two dimes." The defendant and the officer then exchanged money for two pieces of cocaine. After the purchase was completed, Henry left the area and gave the other officers a description of the defendant. After the other officers apprehended the defendant, Sgt. Brown met Henry away from the scene. Brown showed him a Polaroid photograph. Henry identified the defendant in the photograph as the person who sold him the crack cocaine.
Officer Travis McCabe testified that after having received a description of the defendant, he proceeded to the 2100 block of Clara Street and observed the defendant standing on the right side of the street. When the defendant saw the police vehicle, he fled down a driveway. Officer McCabe exited his vehicle and pursued the defendant on foot. McCabe saw the defendant take the weapon from his waistband and throw it on the ground. Officer McCabe apprehended the defendant in the rear yard of a residence on Clara Street. Det. Toye assisted in the defendant's apprehension and retrieved the fully loaded weapon while McCabe arrested the defendant.
Det. Toye testified that he saw the defendant throw a gun to the ground during the pursuit. Det. Toye retrieved the weapon, which was a .38 caliber Smith & Wesson revolver and searched the defendant after his arrest, finding marked currency (a twenty dollar bill) and an additional seven dollars.
The parties stipulated at trial that the two rocks sold by the defendant to Det. Henry tested positive for cocaine.
The defendant, Edward Harris, denied selling cocaine to Det. Henry. Harris testified that he was walking from an all night liquor store with a friend, Herman Harris, when the police stopped them. The defendant stated that the police pushed him to the ground and asked him the location of a "bag of rocks." The defendant denied having a "bag of rocks" or knowing the location of the "bag of rocks." A sergeant then came over and told the officers to search the whole area for the cocaine. An officer found a gun in the area. The defendant denied ownership of the gun. The defendant claimed that he did not run from the police officers. He stated that he was beaten and kicked by the officers.
On rebuttal, Sgt. Brown testified that he did not see any officers kick and/or beat the defendant. He stated that the defendant did not have any injuries and was not taken to the hospital after his arrest.

ERRORS PATENT REVIEW
A review of the record for errors patent reveals several errors. The record shows that the trial court sentenced defendant immediately after having denied defendant's motions for new trial and post verdict judgment of acquittal. There is no indication in the record that the defendant waived his rights to all legal *666 delays prior to sentencing. Under La. C.Cr.P. art. 873, the defendant is entitled to a twenty-four hour delay between the rulings on his post trial motions and sentencing. In State v. Augustine, 555 So.2d 1331 (La.1990), the Louisiana Supreme Court held that failure to waive the twenty-four hour delay voided the defendant' sentence if the defendant attacks his sentence, even though the defendant fails to specifically allege this failure as an error on appeal. As the defendant challenges his sentences on appeal, his sentences under the multiple bill must be vacated and the matter remanded for resentencing.
The sentence imposed on the distribution conviction is illegally lenient. The trial court sentenced defendant to serve twenty years at hard labor but failed to state that the first five years of the sentence was to be served without benefit of parole, probation or suspension of sentence as required by La. R.S. 40:967. On appeal this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (1986).
The trial court granted the defendant's motion for appeal prior to sentencing the defendant under the multiple bill. However, this error is harmless. See State v. Warren, 538 So.2d 1036, 1037 (La.App. 4 Cir.1989).
The record also reveals a double jeopardy issue. The defendant was convicted of distribution of cocaine and possession of a firearm while distributing cocaine. Because the distribution of cocaine was an element of the offense of possession of a firearm while distributing cocaine, the double jeopardy clauses of the United States and Louisiana Constitutions were violated. See State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324.
La.C.Cr.P. art. 596 speaks of double jeopardy in terms of a second prosecution for the same offense, but its provisions also protect an accused from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983).
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) the U.S. Supreme Court established the distinct fact test:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182.
This rule is constitutionally required of the states. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Knowles, 392 So.2d 651 (La.1980), writ granted, release ordered, 395 So.2d 678 (La.1981). The Blockburger test has nothing to do with the evidence presented at trial. It is concerned solely with the statutory elements of the offense charged.
Louisiana uses both the Blockburger test and the "same evidence test". State v. Hayes, 412 So.2d 1323, 1325 (La. 1982). When a defendant is charged with separate statutory crimes the crimes need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. State v. Hayes, supra. Louisiana has followed a form of the "same evidence" rule, as stated in State v. Roberts, 152 La. 283, 286, 93 So. 95, 96 (1922) as follows:
(I)dentity of the offenses is an essential element in support of a plea of autre fois. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient for the first.
The "same evidence test" is used in Louisiana. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Didier, 262 La. 364, 263 So.2d 322, 326 (1972). If the evidence required to support a finding of *667 guilt of one crime would also have supported conviction of another, the two are the same offense and support a plea of double jeopardy.
The defendant was charged and convicted of distribution of cocaine and possession of a firearm while distributing cocaine. The defendant's conviction for possession of a weapon while distributing cocaine required the use of the same evidence needed to convict the defendant of distribution of cocaine. In fact, the State argued at trial that the defendant was in possession of the gun at the time he sold the cocaine to Detective Henry. Thus, defendant's convictions for both offenses violate his constitutional rights against double jeopardy.
The defendant's conviction and sentence for possession of a firearm while distributing cocaine are therefore vacated.
Where the multiple counts arise out of a single episode of criminal conduct, each count cannot be enhanced under the multiple offender statute. State v. Ward, 94-0490 (La.App. 4 Cir. 2/29/96), 670 So.2d 562, writ denied 97-0642 (La.9/19/97), 701 So.2d 165

FIRST PRO SE ASSIGNMENT OF ERROR: Defendant contends that he did not receive a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
The defendant argues that the trial court erred when it denied his motion to produce exculpatory evidence that the weapon was rusty. In light of our disposition of the double jeopardy issue, this assignment of error is moot.

SECOND PRO SE ASSIGNMENT OF ERROR: The trial court erred in finding the police officers had reasonable cause to detain him.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.C.Cr.P. art. 215.1. "Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Matthews, 94-2112 (La.App. 4 Cir. 4/26/95), 654 So.2d 868; State v. Vance, 93-1389 (La.App. 4 Cir. 2/25/94) 633 So.2d 819.
In the case at bar, the police officers had reasonable cause to stop the defendant as the defendant fit the description of the person who sold crack cocaine to Detective Henry. The officer testified that he broadcast a description of the defendant after he purchased the cocaine from the defendant. Officer Travis McCabe and Detective Paul Toye observed that the defendant fit the description and attempted to detain the defendant. When the defendant saw the officers approaching, he attempted to flee the area. The officers pursued the defendant at which time the defendant discarded a gun. Thus, the officers had reasonable cause to detain the defendant. Initially, they had a reasonable belief that the defendant had sold cocaine to Det. Henry. After the defendant ran and threw down the weapon, the officers also had cause to believe that the defendant was illegally in possession of a firearm. Thus, the officers had reasonable cause to detain the defendant and probable cause to arrest him.
This assignment is without merit.

THIRD PRO SE ASSIGNMENT OF ERROR: The trial court erred in denying motions for new trial and post verdict judgment of acquittal.
Defendant argues that there was newly discovered impeachment evidence contained in his Charity Hospital medical records and that the trial court should have granted his motions based upon the newly discovered evidence. However, a *668 review of the record reveals that this argument was not raised at the trial court, and, therefore, is precluded from review on appeal. La.C.Cr.P. article 841.
This assignment is without merit.

FOURTH PRO SE ASSIGNMENT OF ERROR: Defendant was denied full appellate review because of the absence of portions of the transcript.
La. Const. art. I, § 19 (1974), in pertinent part, provides: "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based." Nevertheless, the courts have not reversed every conviction in which a transcript or portions of a transcript were unavailable. As noted by the court in State v. Ford, 338 So.2d 107, 110 (La.1976):
Without a complete record from which a transcript for appeal may be prepared, a defendant's right of appellate review is rendered meaningless. A slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal would not cause us to reverse defendant's conviction. But where a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully-recorded trial.
In the case at bar, the defendant filed a "Motion for Production of Document, Missing Trial Transcripts, A[n] In Camera Production Inspection of Trial Tapes of March 19, 1998, and Suspend Briefing Schedule" in this Court on July 20, 1999. This Court ordered the motion deferred to the merits to be considered on appeal. State v. Edward J. Harris, unpub., 98-2932 (La.App. 4 Cir. 7/27/99).
In his motion, the defendant sought production of Detective Henry's cross-examination by defendant counsel, Officer Hite's testimony, Officer McCabe's testimony, and defendant's testimony about being taken to Charity Hospital. The defendant also sought the transcripts of the preliminary hearing, the probable cause hearing and closing arguments. The defendant further sought to obtain a transcript of defendant's request for a mistrial and the trial court's denial of the defendant's request. The defendant also demanded copies of all pretrial motions.
On 5 January 1999, the defendant pro se requested production of allegedly missing documents. This request included the pre-trial hearing transcript which had been ordered upon the motion of counsel. The appellant also requested, without stating reasons, closing arguments, defense counsel's request for a mistrial for the jury deliberating outside the presence of the jury room and the court's denial of the motion, the cross-examination of Detective Henry, the entire testimony of Officer Hite, the recall of Officer McCabe, and the portion of his own testimony concerning his being taken to Charity Hospital after his arrest.
On 30 March 1999, the record was supplemented with a certificate from the court reporter that there were no objections during closing argument, that the defendant did not make a motion for mistrial regarding the jury's deliberations, and that there was no recross-examination of Detective Henry. The court reporter also corrected an error in the transcript involving the question to defense counsel on whether there was recross; she certified that his answer was "No." The pre-trial motion hearing transcript was also filed.
The defendant also asserts that the recorded testimony of Officer Hite is missing. However, a thorough review of the record reveals no indication that Officer Hite testified at trial. Further, the defendant did not indicate the substance of Officer Hite's alleged testimony.
*669 The defendant also alleged that, while a videotape of the drug transaction between the defendant and the undercover officer was being played for the jury, the jurors allegedly began asking each other questions and directed a question to the witness. The defense counsel allegedly moved for a mistrial, which the trial court denied. A review of the trial transcript does not reflect a motion for mistrial. However, it does reflect that a juror asked if the tape could be rewound. The court agreed, then stated "I told you previously you can't question of the witnesses or the lawyers. She's gonna replay the tape. You cannot ask any questions of the witness or lawyers." It appears, therefore, that there may have been some discussion during the playing of the videotape which was not recorded by the court reporter. There is no indication of course that any motion for mistrial was "on the record."
In connection with the allegation that portions of the testimony of Det. Adams, Officer McCabe, and the defendant himself, are missing, the defendant lists questions and responses that allegedly occurred. He also makes reference to a photograph of himself that was introduced at trial. However, the record does not support defendant's contentions. The court reporter certified that there was no recross-examination of Detective Adams. Further, Officer McCabe did not testify on rebuttal. Sgt. Brown testified on rebuttal that the defendant was not taken to Charity Hospital. Finally, the defendant was permitted to testify that the police officers took him to Charity Hospital for treatment. The photograph to which the defendant refers was the Polaroid photograph taken the night of the offense and shown to Detective Henry. The photograph was introduced into evidence without objection by the defendant.
After having reviewed the defendant's allegations, it appears that there are no "missing transcripts." The appeal record includes a transcript of all testimony taken at trial, including the jury charges, and transcripts of the motion and sentencing hearings. The court reporter certified that there were no objections during closing argument.
This assignment is without merit.

FIRST ASSIGNMENT OF ERROR: The State failed to produce sufficient evidence to support the conviction of possession of a firearm while distributing cocaine.
Because of our disposition of the double jeopardy issue, this assignment of error is moot.

SECOND ASSIGNMENT OF ERROR: The trial court erred in finding him to be a second felony offender.
The defendant argues that the State did not prove that his guilty plea to the predicate offense was knowingly and voluntarily made.
A review of the record reveals that the defendant did not file a written response to the multiple bill of information. Defendant's only objection at the multiple bill hearing went to the issue of chain of custody of the police records introduced into evidence.
The defendant's failure to file such a written response or object at the hearing precludes appellate review of defendant's argument. La.R.S. 15:529.1 D(1)(b); State v. Cossee, 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72.
This assignment is without merit.

THIRD ASSIGNMENT OF ERROR: The trial court imposed unconstitutionally excessive sentences.
In light of our disposition of the double jeopardy issue, the sentence on the multiple bill is vacated and the case is remanded for resentencing.

CONCLUSION
Accordingly, defendant's conviction for distribution of cocaine is affirmed. Defendant's convictions for possession of a weapon while distributing cocaine and as a multiple *670 offender are vacated, and the matter is remanded for resentencing.
CONVICTION FOR DISTRIBUTION OF COCAINE AFFIRMED. REMAINING CONVICTIONS AND SENTENCES VACATED. CASE REMANDED.
NOTES
[1] THIS OPINION WAS APPROVED BY JUDGE KATZ PRIOR TO HIS DEATH.
[2] The minute entry of the multiple bill hearing and sentencing indicated that the trial court sentenced defendant to twenty years at hard labor on the distribution charge. However, the hearing transcript reveals that the trial court sentenced defendant to twenty-five years at hard labor. When there is a conflict between the minute entry and the transcript, the transcript controls. State v. Jones, 557 So.2d 352 (La.App. 4th Cir.1990).